UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO JOSE RIVERO, ET AL.,<br><br>          Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, ET AL.,<br><br>          Defendants.<br>_____/ | No. C-93-3383 MJJ (JCS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST TO SERVE DISCOVERY AND DEPOSITION NOTICES** |

By Order dated April 30, 2007 [Docket No. 436], this Court permitted the parties to engage in limited discovery, so long as that discovery was approved in advance and confined to the two issues that the Court determined were appropriate for further investigation. By letter May 14, 2007, Defendants proposed to serve various discovery, copies of which are attached hereto as Exhibit A. Plaintiffs filed objections to Defendants' proposed discovery. Good cause appearing, IT IS HEREBY ORDERED as follows:

Defendants may serve all of the proposed discovery, except as noted below. The Court notes that it is not ruling on any particular objections to any of the proposed discovery – other than the question of whether or not the discovery falls within the scope of this Court's April 30, 2007 Order (the "Order"). All depositions shall be limited to the two subjects listed in the Order.

**I.   INTERROGATORIES**

Defendant may propound interrogatories, Set One, with the following exceptions:

A.    Interrogatory No. 1 shall be limited to the full name and current contact information of all employees who performed services in connection with this action for whose time Plaintiffs seek an award of attorneys' fees.

  B. Defendant may not propound Interrogatory Nos. 8 and 10.  While facts relating to the accuracy of the time records in this matter are within the scope of discovery, counsel's "investigation" into those matters is not.

## II. DOCUMENT REQUEST

Defendants may propound their Request for Production of Documents, Set One, except as follows:

  A. Request Nos. 1 and 2 shall be limited to fee agreements and/or retainer agreements in this action between any or all Plaintiffs and their counsel.

  B. Request Nos. 3, 4, and 5 are limited to documents recording time spent by counsel in connection with the subject matters enumerated in these document requests, i.e., time records.

  C. Request No. 6 is limited to documents related to the facts alleged in Paragraphs 8 and 10 of the initial state court complaint.

  D. Request No. 7 shall be limited to documents related to the allegations in the February 3, 2005 Case Management Conference Statement in this action regarding inflated billings.

## III. REQUEST FOR ADMISSIONS

Defendants may propound their Request for Admissions, Set One.

## IV. DEPOSITIONS

Defendants may serve the deposition notices listed below.

  A. Defendants may be take the deposition of Randall Aiman-Smith, both as an individual and as the person most knowledgeable ("PMK") at the entity McPhee & Aiman-Smith.  This deposition shall constitute one deposition.  However, since Mr. Aiman-Smith has been proffered by Plaintiffs as a PMK, McPhee & Aiman-Smith shall be bound by Mr. Aiman-Smith's answers.

    1. The topics for the PMK's deposition are as stated in the notice of deposition, with the following exceptions: Topic No. 7 is limited to the hourly rates paid by clients for each attorney associated or affiliated with the firm from 1993

2

1    until the present who billed time in the instant action for which Plaintiffs seek a fee award.

2.    Document Requests for the PMK and Aiman-Smith depositions are limited as follows: Paragraphs 1 and 2 are limited to fee agreements and/or retainer agreements in this action; Paragraphs 3, 4, and 5 are limited to time records; Paragraph 6 is limited to attorneys who billed time in this action and for which Plaintiffs seek an award of attorneys' fees; no documents shall be produced in response to Paragraph 7; and, Paragraph 8 shall be limited to orders awarding or denying attorneys' fees for services of attorneys who billed time in the instant action.

B.    Defendants may take the deposition of Dean McPhee. However, the documents to be produced by Mr. McPhee are limited in the same manner as the documents produced by Mr. Aiman-Smith.

C.    Defendants may not take the deposition of Reed Marcy without a further showing of good cause.

D.    Defendants may take the deposition of Richard Shikman. However, Paragraphs 1 and 2 of the documents that Mr. Shikman has been requested to bring to the deposition shall be restricted to non-privileged documents relating to the facts alleged in Paragraphs 8 and 10 of the state court complaint, or to the facts regarding inflated billings stated in the February 3, 2005 Case Management Conference Statement in this action. Paragraphs 3 and 4 of the documents requested from Mr. Shikman are limited to fee agreements and retainer agreements in this action.

E.    Defendants may not take the deposition of the PMK of the Law Offices of Richard Shikman as there is no evidence that this is any different than deposition Mr. Shikman himself.

F.    Defendants may not take the deposition of Jim Schratz without a further showing of good cause.

3

G. Defendants may serve the deposition notices and request for production of documents on Mr. Charles Hansen and Mr. Jared Peterson.

IT IS SO ORDERED.

Dated: May 22, 2007

JOSEPH C. SPERO
United States Magistrate Judge

4